**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

NOAH PAREKH

             Petitioner,

   -against-

CALIBRE ONE INC.

             Respondent.

---

Civil Action No. 21-cv-5221

**VERIFIED PETITION TO COMPEL ARBITRATION AND FOR INJUNCTIVE RELIEF**

1.     Petitioner Noah Parekh ("Parekh" or "Petitioner") by and through his undersigned counsel, Dunnington Bartholow & Miller LLP, submits this Verified Petition pursuant to Section 4 of the Federal Arbitration Act for an order compelling Respondent Calibre One, Inc. ("C1" or "Respondent") to submit to the arbitration known as *Noah Parekh v. Calibre Inc, Inc.*, JAMS Ref. No. 1400019026 (the "Arbitration"), as required by the parties' agreement.

2.     The Arbitration concerns Parekh's claims against C1 for race and national origin discrimination and retaliation; nonpayment wages and failure to reimburse business expenses owed; theft of trade secrets; and tortious interference with business relations as well as potential business relations.  Accompanying this Petition are the Declaration of Samuel A. Blaustein dated June 11, 2021 ("Blaustein Decl.") and Memorandum of Law in Support.   In support of his Petition, Parekh alleges as follows:

## NATURE OF THE ACTION

3.     This Petition is brought, *inter alia*, pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, to compel the Arbitration of Parekh's claims against C1 in accordance with the parties' October 2019 employment agreement.

4.     This proceeding arises out of C1's failure to participate in and pay its share of the

JAMS filing fee required to commence arbitration proceedings before Judicial Arbitration and Mediation Services ("JAMS") as required by the parties' written arbitration agreement, resulting in the administrative termination by JAMS of the Arbitration.  As a result, Parekh has been foreclosed from prosecuting his claims resulting in irreparable harm warranting immediate relief from this Court.

5.      There is no dispute that Parekh and C1 are parties to a written "Employment Offer Letter" dated October 2, 2019 and signed by Parekh on October 7, 2019 ("Employment Agreement").  Specifically, C1's counsel responded to Parekh's initial demand letter with an assertion that Parekh must pursue his claims in arbitration under the terms of the Employment Agreement and, thereafter, made written submission to JAMS reaffirming its obligation to arbitrate.  C1 has simply refused to proceed to Arbitration, not moved to stay the Arbitration and waived its rights to challenge the Arbitration.

6.      The Employment Agreement provides that the parties agreed to resolve "any and all disputes or controversies . . . arising from or regarding the interpretation, performance, enforcement or breach of this Agreement" [by] "confidential, arbitration (rather than trial by jury or court or resolution in some other forum) under the then-existing Rules of Practice and Procedure of Judicial Arbitration and Mediation Services/Endispute, to the fullest extent provided by law."  Blaustein Decl. Ex. 4 (Demand for Arbitration), at Ex. B.  However, in contravention of the Employment Agreement, and despite previously demanding that Parekh submit his claims to arbitration, C1 has refused to engage in arbitration of Parekh's claims resulting in JAMS' administrative termination of the Arbitration and thus necessitating this Petition.  Blaustein Decl. Ex. 13.

## PARTIES

7.     Parekh is an African-American male residing in Boston, Massachusetts.

8.     C1 is an entity organized under the laws of the State of California, with an office and officers located in New York City.  Blaustein Decl., Ex. 4 at Exs. A, B.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over the Petition pursuant to 28 U.S.C. § 1332(a)(1), because complete diversity of citizenship exists between the parties and the amount of controversy exceeds $75,000, exclusive of interest and costs.

10.     This Court also has jurisdiction over this action pursuant to 9 U.S.C. § 4, which provides that "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement."

11.     The Court may exercise specific jurisdiction over defendant C1 pursuant to, *inter alia*,  CPLR § 302(a)(1) as a result of C1's transaction of business within New York State, including, without limitation, the negotiation and execution of Parekh's Employment Agreement in New York through C1's New York-based director and Managing Partner, Diane McIntyre ("McIntyre"), its operation of a New York office; and its retention of a New York-based candidate search firm, R&L Associates, Ltd., to solicit Parekh's employment.  C1 has and continues to avail itself of the benefit of doing business within New York.

12.     Venue is proper under 28 U.S.C. § 1391(c)(2) because a substantial part of the events giving rise to Parekh's claims occurred in this district. Parekh reported directly to McIntyre

in C1′s New York Office, located within this district.

13.     Certain of Parekh′s claims arise under the Civil Rights Act of 1964, 42 U.S.C.A. §
2000e *et. seq.*.  Parekh has exhausted his administrative remedies and received a Notice of Right
to Sue ("Right to Sue") dated March 18, 2021 from the Equal Employment Opportunity
Commission ("EEOC").  Blaustein Decl. Ex. 4 at Ex. M.

14.     The Arbitration commenced and this Petition is being filed within ninety (90) days
of the EEOC′s issuance of the Right to Sue.

## FACTUAL ALLEGATIONS

15.     In or about 2019, a New York search firm retained by C1, R&L Associates, Ltd.,
solicited Parekh to join C1 to develop their biotech and related businesses.  *See* Blaustein Decl.
Ex 4 at Ex. C (C1 November 1, 2019 News Release).

16.     Parekh agreed to join C1 and, on or about October 2, 2019, C1's director and
Managing Partner, McIntyre, transmitted from New York an Employment Offer Letter to Parekh,
laying out the terms of C1's offer of employment.  *See* Blaustein Decl. Ex. 4 at Ex. B.

17.     C1's Employment Offer Letter and resulting Employment Agreement contains an
arbitration provision obligating the parties to resolve "any and all disputes or controversies,
whether of law or fact of any nature whatsoever (including but not limited to, all state and federal
statutory and discrimination claims) . . . arising from or regarding the interpretation, performance,
enforcement or breach of this Agreement [by] confidential, arbitration (rather than by jury or
court or resolution in some other forum) under the then-existing Rules of Practice and Procedure
of Judicial Arbitration and Mediation Services/Endispute, to the fullest extent provided by law."
Blaustein Decl. Ex. 4, at Ex. B at p. 2.

18.     Parekh signed the Employment Offer Letter in New York on October 7, 2019.  *See*

Blaustein Decl. Ex. 4, at Ex. B (Employment Agreement).

19.     Parekh reported to McIntyre, who was based in C1's New York Office.

20.     Parekh remained employed by C1 from October 21, 2019 until he was unlawfully terminated on June 12, 2020.  Blaustein Decl. Ex. 1.

21.     On October 1, 2020, Parekh's counsel sent a demand letter concerning, *inter alia*, Parekh's unlawful termination to McIntyre on Parekh's behalf. Blaustein Decl. ¶ 3 and Ex. 1.

22.     On October 2, 2020, McIntyre responded and requested that Parekh's counsel direct his correspondence to C1's Chairman, Tom Barnes.  Blaustein Decl. ¶ 4 and Ex. 2.

23.     A copy of Parekh's demand letter was forwarded to Mr. Barnes as requested and by letter dated October 14, 2020, counsel for C1, Michael Hoffman, Esq. of Arena Hoffman LLP, responded on C1's behalf, in relevant part, that Parekh was obligated to abide by the arbitration provision in his October 2019 Employment Agreement.  Blaustein Decl. ¶ 5 and Ex. 3.

24.     Parekh subsequently filed a claim with the EEOC as required and received the Right to Sue on or about March 18, 2021.  Blaustein Decl. ¶ 6 and Ex. 4 at ex. M.

25.     On April 8, 2021, within ninety (90) days' of the issuance of the Right to Sue, Parekh submitted a Demand for Arbitration and Statement of Claim with JAMS (the "Demand"), naming C1 as Respondent.   The Demand includes claims for race and national origin discrimination as well as for retaliation; for failure to pay wages and reimbursement for business expenses owed; for theft of trade secrets; and for tortious interference with business relations as well as potential business relations.  Blaustein Decl. ¶ 6 at Ex. 4.

26.     On April 9, 2021, counsel for Parekh served the Demand on C1's counsel, Mr. Hoffman of Arena Hoffman LLP. Blaustein Decl. at ¶ 7 and Ex. 5.

27.     On April 14, 2021, JAMS confirmed that the Arbitration fell under JAMS Policy

on Employment Arbitration Minimum Standards of Procedural Fairness ("JAMS Policy on Employment Arbitration") and was therefore subject to JAMS Employment Arbitration Rules & Procedures ("JAMS Rules"). Blaustein Decl. ¶¶ 8-9 and Exs. 6–7.

28.    On April 15, 2021, Parekh paid the requisite filing fee of $400 to JAMS in accordance with JAMS Policy on Employment Arbitration.  Blaustein Decl. ¶¶ 9-10 and Exs. 7–8.

29.    On April 20, 2021, JAMS sent the parties a Notice of Intent to Initiate Arbitration ("Notice to Arbitrate"). Blaustein Decl. ¶ 11 and Ex. 9. The Notice to Arbitrate acknowledged that the Employment Agreement contained a "mandatory pre-dispute arbitration clause", and informed the parties that the arbitration would be "conducted in accordance with the JAMS Employment Arbitration Rules."  The Notice to Arbitrate further acknowledged Parekh's payment of a non-refundable Filing Fee of $400, and notified C1 of its obligation, as an employer/Respondent under JAMS Policy on Employment Arbitration, to pay a non-refundable Filing Fee of $1,350 no later than May 4, 2021, attaching an invoice in that amount.

30.    Also on April 20, 2021, C1's counsel, Mr. Hoffman, responded by acknowledging service of JAMS' Notice to Arbitrate and indicating that C1 would retain local counsel in either Boston or New York depending on where the Arbitration were to take place.  Blaustein Decl. ¶ 12 and Ex. 10.

31.    Rule 19 of the JAMS Rules provides that "[t]he Arbitrator . . . shall determine the date, time and location of the Hearing."  Accordingly, any objection as to the location of the Arbitration — and there is no indication that any objection was made — is properly referred to the Arbitrator under the JAMS Rules.  Blaustein Decl. Ex. 6 at Rule 19.

32.    C1 did not pay its share of the filing fee by May 4, 2021, as required by JAMS.

Accordingly, on May 4, 2021, Parekh requested an Administrative Conference pursuant to Rule 6 of the JAMS Rules. JAMS.  Blaustein Decl. ¶ 13 and Ex. 11.

33.      On May 5, 2021, JAMS wrote to counsel for C1 requesting the contact information for new defense counsel, if any, and reattaching an outstanding invoice for C1's filing fee.  JAMS reiterated that it would not commence arbitration or appoint an arbitrator unless C1 paid the outstanding filing fee, then past due.  JAMS also notified counsel for the parties that if C1 did not pay its share of the filing fee by May 19, 2021, JAMS would "close [the] file for lack of payment and participation by Respondent and send correspondence re the same" in order that Parekh could seek relief from this Court.  Blaustein Decl. ¶ 14 and Ex. 12.

34.      C1 ignored JAMS' May 5, 2021 directives and as of the May 19, 2021 deadline, had not paid the requested filing fee of $1,350 and still has not done so.  Blaustein Decl. ¶ 15.

35.      Accordingly, on May 20, 2021, JAMS provided notice to all parties that after making "multiple requests for full payment of the Filing Fee on behalf of Respondents [C1], which is required to commence the proceedings . . . . JAMS is closing this file for lack of participation and payment on behalf of Respondents."  Blaustein Decl. ¶ 15 and Ex. 13.

36.      Parekh is therefore required to seek this Court's intervention to compel C1's participation in arbitration as previously agreed to by the parties.

37.      Upon information and belief, C1 has not sought to stay or enjoin the Arbitration. Blaustein Decl. ¶ 16 and Ex. 14.

### FIRST CAUSE OF ACTION
(Order Compelling Arbitration Pursuant to 9 U.S.C. § 4)

38.      Parekh repeats and realleges the allegations set forth in Paragraphs 1 through 37 above as if fully set forth herein.

39.      The Employment Agreement, the terms of which were proposed by C1 and ratified

by Parekh on October 7, 2019, is a valid contract, enforceable according its terms.

40.     The Employment Agreement contains a clear and unambiguous arbitration provision, which requires C1 to resolve "any and all disputes or controversies, whether of law or fact of any nature whatsoever", through arbitration, "under the then-existing Rules of Practice and Procedure of Judicial Arbitration and Mediation Services/Endispute, to the fullest extent provided by law."

41.     C1 insisted upon the foregoing arbitration provision of the Employment Agreement, which broadly covers any dispute "which may arise under th[e Employment] Agreement", with a single exception not applicable to the facts of this case.

42.     By authorizing its external counsel to notify Parekh's counsel pre-litigation that C1 would seek to enforce the Employment Agreement's arbitration provision, C1 acknowledged that the arbitration provision of the Employment Agreement is enforceable according to its terms.

43.     Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, this Court must compel C1 to arbitrate Parekh's claims in accordance with the terms of the parties' Employment Agreement.

## SECOND CAUSE OF ACTION
(Preliminary and Permanent Injunction Pursuant to Fed. R. Civ. P. 65)

44.     Parekh repeats and realleges the allegations set forth in Paragraphs 1 through 43 above as if fully set forth herein.

45.     JAMS has confirmed that Parekh's claims are subject to Arbitration.

46.     C1 has refused to proceed to Arbitration despite seeking to enforce the Employment Agreement's arbitration provision.

47.     Parekh having been denied a forum in which to prosecute his claims, and has therefore established a likelihood of success on the merits.

48.     If Parekh's claim does not proceed to Arbitration, he will be denied the opportunity to prosecute his claims in the contractually-mandated forum, JAMS, or any forum, thus resulting in irreparable harm.

49.     The merits clearly favor Parekh, the aggrieved party, because C1 refused to even respond to his now months' old claims or to JAMS directives.

50.     Accordingly, Parekh has demonstrated an entitlement to injunctive relief under Rule 65 of the Federal Rules of Civil Procedure including: (a) an order requiring C1 to pay the fees directed by JAMS in the Arbitration; (b) an order directing that C1 has waived and may therefore not collaterally challenge that Parekh's claims are subject to Arbitration; (c) an order finding that, upon a default by C1, the Demand shall be considered Parekh's Complaint (including for, *inter alia,* timeliness purposes under the Civil Rights Act and pertinent EEOC Rules) and that Parekh may apply directly to the Court for a final judgment in this proceeding on such terms as the Court may direct should C1 refuse to appear in the Arbitration by a date certain.

51.     Finally, because Parekh's claims arise under the Civil Rights Act and C1 has unjustifiably refused to proceed to Arbitration the Court should award Parekh his reasonable costs and fees including attorneys' fees to be determined at an inquest or as otherwise directed by the Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Petitioner Parekh requests that the Court issue an order:

a.     pursuant to Section 4 of the Federal Arbitration Act, compelling C1 to arbitrate Parekh's claims in this matter, as agreed upon in the Employment Agreement;

b.     pursuant to Fed. R. Civ. P. 65 granting preliminary and permanent injunctions requiring C1 to pay the fees directed by JAMS in the Arbitration; prohibiting C1 from challenging

the arbitrability of Parekh's claims; and considering Parekh's Demand as the Complaint and authorizing Parekh to seek a final judgment in this Court should C1 refuse to proceed to Arbitration by a date certain.

   c. awarding Parekh his reasonable attorneys' fees and costs pursuant to the Civil Rights Act and otherwise; and

   d. granting any and all other relief that the Court deems just and proper.

Dated: New York, New York
   June 11, 2021

      **DUNNINGTON BARTHOLOW & MILLER LLP**
      *Attorneys for Petitioner Noah Parekh*

      By: /s/Samuel A. Blaustein
        Samuel A. Blaustein

      Samuel A. Blaustein
      Kamanta C. Kettle
      Christopher M. W. Pioch
      230 Park Avenue, 21st Floor
      New York, New York 10169
      Tel: (212) 682-8811
      SBlaustein@dunnington.com
      KKettle@dunnington.com
      CPioch@dunnington.com

## VERIFICATION

STATE OF MASSACHUSETTS            )
                                 ) ss:
COUNTY OF SUFFOLK                 )

**NOAH PAREKH**, declares subject to penalty of perjury as follows:

1. I am the Petitioner in this action.

2. I have read the foregoing Verified Petition to Compel Arbitration and know the

   contents thereof, and the same are true to my knowledge, information and belief.

Dated:   Boston, Massachusetts
         June 10, 2021

Noah Parekh