UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NOAH PAREKH

               Petitioner,

 -against-

CALIBRE ONE INC.

               Respondent.

---

Civil Action No. 21-cv-5221

**DECLARATION IN SUPPORT OF PETITION**

Samuel A. Blaustein, Esq., an attorney authorized to practice before this Court declares subject to penalty of perjury as follows:

1. I am a member of Dunnington Bartholow & Miller LLP, attorneys for Petitioner Noah Parekh ("Parekh").

2. I submit this declaration in support of Parekh's petition under the Federal Arbitration Act to compel arbitration against respondent Calibre One Inc. ("C1" or "Respondent") before JAMS. *See Noah Parekh v. Calibre One, Inc.* JAMS Ref No. 1400019026 (the "Arbitration").

3. On October 1, 2020, I sent a demand letter to C1's then Managing Partner, Diane McIntyre ("McIntyre"), on Parekh's behalf. A copy of the letter is annexed as **Exhibit 1.**

4. On October 2, 2020, McIntyre responded via email and requested that I direct my correspondence to C1's Chairman, Tom Barnes. A copy of the email is annexed as **Exhibit 2**.

5. A copy of the demand letter was forwarded to Mr. Barnes and by letter dated October 14, 2020 Michael Hoffman, Esq. of Arena Hoffman LLP responded, in relevant part, that Parekh was obligated to abide by an arbitration provision in his October 2, 2019 letter agreement. A copy of Mr. Hoffman's letter is annexed as **Exhibit 3**.

6. Parekh subsequently filed a claim with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue dated March 18, 2021. A copy of the Notice is annexed as Exhibit M to Parekh's Demand for Arbitration and Statement of Claim dated April 8, 2021 with Exhibits A-M ("Demand") which is collectively annexed as **Exhibit 4**.

7. On April 9, 2021, Parekh served counsel for C1 with the Demand. A copy of the proof of service filed with JAMS is annexed as **Exhibit 5**.

8. A copy of JAMS Employment Arbitration Rules & Procedures ("JAMS Rules") is annexed as **Exhibit 6**.

9. On April 14, 2021 JAMS confirmed that the Arbitration fell under JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness ("JAMS Policy"). A copy of JAMS' emails and the attached JAMS policy is annexed as **Exhibit 7.**

10. On April 15, 2021 Parekh paid his portion of JAMS' invoice to commence the Arbitration. A copy of the JAMS Statement as of April 30, 2021 is annexed as **Exhibit 8**.

11. On April 20, 2021 JAMS informed counsel for C1, Mr. Hoffman, that C1's filing fee was due by May 4, 2021. A copy of JAMS Notice of Intent to Initiate Arbitration is annexed as **Exhibit 9.**

12. Mr, Hoffman acknowledged receipt of JAMS' Notice later on April 20, 2021. A copy of Mr. Hoffman's email to JAMS is annexed as **Exhibit 10**.

13. C1 did not pay its share of the filing fee by May 4, 2021 and on May 4, 2021 Parekh requested a Rule 6 Administrative Conference with JAMS. A copy of the request is annexed as **Exhibit 11**.

14. On May 5, 2021 JAMS directed C1 to pay its share of the filing fee by May 19, 2021 or that JAMS would close its file and provide notice of same. A copy of JAMS' May 5, 2021 email is annexed as **Exhibit 12**.

15. C1 ignored JAMS' notice and failed to pay its filing fee. JAMS sent a closing notice on May 20, 2021 and Parekh is therefore required to seek this Court's intervention. A copy of JAMS Closing Letter is annexed as **Exhibit 13.**

16. A copy of the results of a PACER search I executed on June 9, 2021 is annexed as **Exhibit 14.**

Dated: New York, NY
June 11, 2021

/s/Samuel A. Blaustein
Samuel A. Blaustein