# EXHIBIT 3

# ARENA HOFFMAN LLP

October 14, 2020

**Michael Hoffman**
Dir:  415.433.1061
mhoffman@arenahoffman.com

**SETTLEMENT COMMUNICATION**
Cal. Civ. Code § 47(b); Fed. R. Evid 408; Cal. Evid. Code § 1152, *et seq.*

**Via Email only**

Samuel A. Blaustein, Esq.
Dunnington Bartholow & Miller LLP
230 Park Avenue, 21st Floor
New York, NY 10169

    *Re:*    *Noah Parekh*

Dear Mr. Blaustein:

My firm represents Calibre One in employment matters.  I write in response to the settlement overture in your letter of October 1, 2020.  Please direct all future communications regarding Mr. Parekh's employment with Calibre One to my attention.

The letter of October 1 threatens litigation in New York concerning Mr. Parekh's employment and termination.  Other than your firm, New York has no connection to any potential dispute.  Regardless, Mr. Parekh assented to binding arbitration in his offer letter of October 2, 2019.  The company expects Mr. Parekh to honor his agreement and reserves all rights therein.

That said, I encourage Mr. Parekh to reconsider his misguided threats.  Calibre One terminated Mr. Parekh after a glaring, sustained lack of performance.  For the totality of his employment, he brought in only one new client.  One.  This ranked him as the clear lowest performer in the Partner ranks, despite the fact that his sector, healthcare, was booming during the same time.  Moreover, it became clear to the leadership team that his woeful performance was driven by a work rate markedly below everyone else at the company.

When this feedback was provided by Mr. Parekh's immediate managers and peers, Tom Barnes contacted him directly to understand the exact problem.  Mr. Parekh's work rate and outreach activity was found to be markedly below what he claimed.  As a result, Calibre One monitored Mr. Parekh's performance going forward, and Managing Partners discussed his activity (or lack thereof) with him on a weekly basis.

October 14, 2020
Page 2 of 2

Calibre One then learned that Mr. Parekh never terminated his prior business, Chase; he seems to have operated his company in the shadows while collecting income and benefits from Calibre One.  Whether in Massachusetts, California, New York or anywhere else, an employer is not required to stomach such misconduct.  Calibre One reserves all rights to assert claims against Mr. Parekh and recover all remedies for operating a competing business, including any revenue he may have obtained and the consequences of breaching his duties to Calibre One.

Calibre One terminated Mr. Parekh when it became clear to all that he would not improve his performance and showed no intention of picking up his work rate.  That day, an agent engaged by Calibre One visited his home to recover the company's equipment and property.  After the agent identified himself and asked Mr. Parekh to hand over the computer and delete nothing, Mr. Parekh shut the door in his face and did not open it again for another 30 minutes, despite repeated knocking.  Given the inference that Mr. Parekh was frantically trying to take company property and/or tamper with the computer to destroy evidence, Calibre One opted to keep the device in quarantine, with the agency.  It remains there, ready for a forensic analysis.  Calibre One reserves all rights to assert claims against Mr. Parekh for any misappropriation of company property and/or destruction of evidence.

Finally, the frivolous assertion that Calibre One hired Mr. Parekh in October 2019 and then fired him a few months later based on race and unidentified "retaliation" implies that your letter is a cynical shakedown.  If Mr. Parekh adopted a twisted view that the best defense to his suspected fraud is going on offense, please let him know that was a mistake and he should reconsider.

I trust that we will not hear from you or Mr. Parekh again.  But, if he chooses to go down that path, he will need credible and verifiable explanations for all of his misconduct.  Thank you.

Sincerely,

Michael Hoffman