**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

NOAH PAREKH                                                                                Civil Action No. 21-cv-5221

                Petitioner,

  -against-

CALIBRE ONE INC.

                Respondent.

---

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF HIS**
**MOTION TO COMPEL ARBITRATION AND FOR INJUNCTIVE RELIEF**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

FACTS .......................................................................................................................................... 2

ARGUMENT ................................................................................................................................ 4

    A. The Court Should Compel C1 to Arbitration................................................................ 4

    B. The Court Should Award Injunctive Relief .................................................................. 6

    C. The Court Should Award Costs and Fees ..................................................................... 6

CONCLUSION............................................................................................................................. 7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*,
  No. 10 CIV. 1853 PGG, 2011 WL 1002439 (S.D.N.Y. Mar. 16, 2011), *aff'd*,
  483 F. App'x 634 (2d Cir. 2012) ................................................................................................7

*Brady v. Williams Cap. Grp., L.P.*,
  64 A.D.3d 127, 878 N.Y.S.2d 693 (1st Dept. 2009), *aff'd as modified,* 14
  N.Y.3d 459, 928 N.E.2d 383 (2010) .........................................................................................6

*Gordon v. Volt Info. Scis., Inc.*,
  No. 00 CIV. 4188 (LAK), 2000 WL 1358646 (S.D.N.Y. Sept. 20, 2000) ................................5

*Moton v. Maplebear Inc.*,
  No. 15 CIV. 8879 (CM), 2016 WL 616343 (S.D.N.Y. Feb. 9, 2016) .......................................5

*Nat'l Union Fire Ins. Co. of Pittsburg v. Beelman Truck Co.*,
  203 F. Supp. 3d 312 (S.D.N.Y. 2016) ...................................................................................4, 5

*Sands Bros. & Co. v. Nasser*,
  No. 03 CIV. 8128 (BSJ), 2004 WL 26550 (S.D.N.Y. Jan. 5, 2004) .........................................6

*Sinnett v. Friendly Ice Cream Corp.*,
  319 F. Supp. 2d 439 (S.D.N.Y. 2004) .......................................................................................5

*UBS Sec. LLC v. Prowse*,
  No. 20CV217 (JGK), 2020 WL 433859 (S.D.N.Y. Jan. 27, 2020) ..........................................6

*Weiss v. Travex Corp.*,
  No. 02 CIV. 2380 (SAS), 2002 WL 1543875 (S.D.N.Y. July 12, 2002) ..................................5

**Statutes**

9 U.S.C. § 6 ...............................................................................................................................1, 4

Civil Rights Act of 1964, 42 U.S.C.A. § 2000e ............................................................................1

Fed. R. Civ. P. 65 ...........................................................................................................................1

ii

**INTRODUCTION**

Petitioner Noah Parekh ("Parekh") respectfully moves this Court for an order compelling Respondent Calibre One, Inc. ("C1") to submit to the arbitration known as *Noah Parekh v. Calibre One, Inc.,* JAMS Ref. No. 1400019026 (the "Arbitration") pursuant to Section 4 of the Federal Arbitration Act. 9 U.S.C. § 4, for injunctive relief pursuant to Fed. R. Civ. P. 65 and for costs and fees including reasonable attorney's fees. There is no dispute that Parekh and C1 are parties to a written arbitration agreement requiring arbitration before JAMS. JAMS determined that Parekh's claims were subject to arbitration and directed C1 to submit its portion of the filing fees in the Arbitration. C1 appeared through counsel in the Arbitration, affirmed that Parekh's claims are subject to the Arbitration and has not moved to stay the Arbitration. Instead, C1 has failed to abide by JAMS' directive resulting in JAMS' administrative termination of the Arbitration. The Court should therefore compel C1 to the Arbitration and issue preliminary and permanent injunctive relief including requiring C1 to comply with JAMS' directives and authorizing Parekh to seek a final judgment in this Court in the event of a default.

**PRELIMINARY STATEMENT**

Parekh is an African American male of Jamaican descent. Parekh sent a demand letter to C1 in October of 2020 asserting, among others, employment discrimination claims arising under the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et. seq.* C1 replied in writing stating it would seek compliance with the arbitration provision in the parties' employment contract. Parekh thereafter exhausted his administrative remedies by obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC").

Following the EEOC's issuance of the Notice of Right to Sue, Parekh complied with the arbitration provision as demanded by C1 by timely filing a demand for arbitration against C1 with

JAMS on April 8, 2021. On April 20, 2021, JAMS sent a notice advising it was in receipt of the demand as well as Parekh's filing fee and instructed C1 to remit its share of the filing fee for arbitration. Counsel for C1 acknowledged service of the JAMS notice and confirmed that Parekh's claims were subject to arbitration. However, C1 proceeded to ignore subsequent correspondence from JAMS and refused to pay its portion of the JAMS' filing fees as directed.

The JAMS proceeding was administratively terminated because of C1's refusal to participate in the Arbitration. Accordingly, Parekh brings this action to compel C1 to attend the contractually mandated Arbitration and for related injunctive relief.

### FACTS

In 2019, Parekh was solicited to join C1 through a New York based search firm, R&L Associates Limited. *See* Petition ¶ 15. C1's New York based managing partner, Diane McIntyre ("McIntyre") transmitted an employment offer containing the pertinent arbitration clause (the "Offer Letter") to Parekh, which Parekh signed in New York on October 7, 2019. *See* Petition ¶¶ 16-18; *see also* Declaration of Samuel A. Blaustein ("Blaustein Decl.") Ex. 4 at Ex. B (the Employment Agreement). The provision requires the parties to resolve "any and all disputes or controversies . . . arising from or regarding the interpretation, performance, enforcement or breach of this Agreement" [by] "confidential, arbitration (rather than trial by jury or court or resolution in some other forum) under the then-existing Rules of Practice and Procedure of Judicial Arbitration and Mediation Services/Endispute, to the fullest extent provided by law." *See* Petition ¶ 6 and Blaustein Decl. Ex. 4 at Ex. B p. 2.

Parekh reported directly to McIntyre who was based in C1's New York Office from October 21, 2019 until his unlawful termination on June 12, 2020. *See* Petition ¶¶ 19-20. Parekh subsequently retained counsel and sent a demand letter dated October 1, 2020 to McIntyre at C1

2

stating that Parekh's termination resulted from discrimination and unlawful retaliation.  *See* Petition ¶ 21 and Blaustein Decl. Ex. 1.   In response, McIntyre directed that all correspondence be directed to C1's Chairman, Tom Barnes.  *See* Petition ¶ 22 and Blaustein Decl. Ex. 2.  Counsel for Parekh forwarded the demand letter to Mr. Barnes and on October 14, 2020, Michael Hoffman, Esq. of Arena Hoffman LLP responded that Parekh must assert any claim against C1 in arbitration.  *See* Petition ¶ 23 and Blaustein Decl. Ex. 3.

Parekh subsequently filed a claim with the Equal Employment Opportunity Commission and received a Notice of his Right to Sue C1 (the "Right to Sue Letter") on March 18, 2021.  *See* Petition ¶¶ 24-25 and Blaustein Decl. Ex. 4 at Ex. M (Right to Sue Letter).  Parekh then timely commenced an arbitration proceeding against C1 with JAMS on April 8, 2021 and served copies of all papers on C1's counsel on April 9, 2021.  *See* Petition ¶ 26 and Blaustein Decl. Exs. 4–5.

 On April 14, 2021 JAMS confirmed that the Arbitration fell under JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness ("JAMS Policy on Employment Arbitration") and was therefore subject to JAMS Employment Arbitration Rules & Procedures ("JAMS Rules").  *See* Petition ¶ 27 and Blaustein Decl. Exs. 6-7.  Parekh paid his portion of the JAMS filing fee as required by JAMS Policy on Employment Arbitration on April 15, 2021.  *See* Petition ¶ 28 and Blaustein Decl. Exs. 7-8.

On April 20, 2021 JAMS acknowledged Parekh's payment and served a Notice of Intent to Initiate Arbitration ("Notice to Arbitrate") on the parties requiring C1 to pay its share of the JAMS filing fees by May 4, 2021.  *See* Petition ¶ 29 and Blaustein Dec. Ex. 9.  Also on April 20, 2021 C1, through its counsel Mr. Hoffman, acknowledged service of the Notice to Arbitrate, agreed that Parekh's claims were subject to Arbitration and claimed that C1 would retain local litigation counsel.  *See* Petition ¶ 30 and Blaustein Decl. Ex. 10.  Rule 19 of the JAMS Rules

provides that the location of the hearing is to be set by the Arbitrator. *See* Petition ¶ 31 and Blaustein Decl. Ex. 6.

However, C1 did not pay its portion of the JAMS filing fee as directed and on May 4, 2021 Parekh requested an administrative conference under Rule 6 of the JAMS Rules. *See* Petition ¶ 32. The next day, May 5, 2021, JAMS informed C1 that it requested the name of local counsel and that it would close the Arbitration and provide notice to the parties if payment was not received by May 19, 2021. *See* Petition ¶ 33 and Blaustein Decl. Ex. 12. C1 continued to ignore JAMS' directives and, after weeks of delay and attempts to collect C1's share of the arbitration filing fee, JAMS administratively terminated the arbitration due to C1's failure to participate. *See* Petition ¶¶ 34-35 and Blaustein Decl. Exs. 11–13. C1 has not sought to stay the Arbitration and is simply in default warranting immediate relief from this Court. Petition ¶ 27 and Blaustein Decl. Ex. 14.

## ARGUMENT

### A. The Court Should Compel C1 To The Arbitration

Section 4 of the FAA provides in relevant part: "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. 9 U.S.C. § 4. Petitions to compel arbitration under the FAA are "made and heard in the manner provided by law for the making and hearing of motions," pursuant to 9 U.S.C. § 6 and the Court "applies a standard similar to that applicable for a motion for summary judgment." *Nat'l Union Fire Ins. Co. of Pittsburg v. Beelman Truck Co.*, 203 F. Supp. 3d 312, 317 (S.D.N.Y. 2016).

The Court must grant the petition if there is no genuine issue of material fact regarding the requirements to compel arbitration. *Id.* at 317; *see also Weiss v. Travex Corp.*, No. 02 CIV. 2380 (SAS), 2002 WL 1543875, at *3 (S.D.N.Y. July 12, 2002) (compelling an employer/employee dispute to arbitration pursuant to a contractual arbitration clause); *Gordon v. Volt Info. Scis., Inc.*, No. 00 CIV. 4188 (LAK), 2000 WL 1358646, at *1 (S.D.N.Y. Sept. 20, 2000) (compelling employee and employer to attend arbitration pursuant to a contractual arbitration clause).

The FAA mandates that district courts must direct arbitration on issues covered by a signed arbitration agreement; even if there has been, as there is in this case, a "failure, neglect, or refusal of any party to honor" such an agreement. *Sinnett v. Friendly Ice Cream Corp.*, 319 F. Supp. 2d 439, 446 (S.D.N.Y. 2004). Courts in this district have directed parties to JAMS employment arbitration where similar facts were in issue. *Moton v. Maplebear Inc.*, No. 15 CIV. 8879 (CM), 2016 WL 616343, at *2 (S.D.N.Y. Feb. 9, 2016) (finding that the opponent had waived certain defenses to or in arbitration).

Here, the parties both negotiated for and agreed to arbitrate "any dispute" which may arise under the employment agreement at JAMS. *See* Blaustein Decl. Ex. 4 at Ex. B.

> To ensure rapid and economical resolution of any dispute which may arise under this Agreement′ you and the company agree that any and al1 disputes or controversies whether of law or fact of any nature whatsoever (including, but not limited to, all state and federal statutory and discrimination claims), with the sole exception of those disputes that may arise from any Employment, Confidential Information and Invention Assignments Agreement, arising from or regarding the interpretation, performance, enforcement, or breach of this Agreement, will be resolved [through] confidential arbitration (rather than trial by jury or court or resolution in some other forum) under the then-existing Rules of Practice and Procedure of Official Arbitration and Mediation Services/Endispute to the fullest extent provided by law.

*See* Blaustein Decl. Ex. 4 at Ex. B. Additionally, C1 stated in pre-Arbitration correspondence that "Mr. Parekh assented to binding arbitration in his offer letter of October 2, 2019. [C1] expects Mr.

Parekh to honor his agreement and reserves all rights therein." *See* Blaustein Decl. Ex. 3. C1 again confirmed that Parekh's claims were subject to the Arbitration in correspondence to JAMS. *See* Blaustein Decl. Ex. 10. There is no dispute that an agreement to arbitrate exists; that JAMS has determined that this matter is subject to Arbitration; and that C1 has defaulted in its obligations to arbitrate.

### B. The Court Should Award Injunctive Relief

Additionally, the Court should award injunctive relief. Parekh has demonstrated (1) a likelihood of success given JAMS' finding that his claims are subject to arbitration and C1's failure to arbitrate; (2) irreparable harm given C1's refusal to participate in the arbitration pursuant to a written agreement; and (3) that the balance of the equities tip in Parekh's favor. *UBS Sec. LLC v. Prowse*, No. 20CV217 (JGK), 2020 WL 433859, at *7 (S.D.N.Y. Jan. 27, 2020) (enjoining respondent from pursuing other remedies outside of arbitration). Accordingly, the Court should issue (a) an order requiring C1 to pay the fees directed by JAMS in the Arbitration; (b) an order directing that C1 has waived and may therefore not challenge the arbitrability of Parekh's claims; (c) and order finding that Parekh may apply directly to the Court for a final judgment in this proceeding on such terms as the Court may direct should C1 refuse to appear in the Arbitration by a date certain. *Brady v. Williams Cap. Grp., L.P.,* 64 A.D.3d 127, 138, 878 N.Y.S.2d 693, 702 (1st Dept. 2009), *aff'd as modified,* 14 N.Y.3d 459, 928 N.E.2d 383 (2010) (directing payment of AAA arbitration fees);

### C. The Court Should Award Costs And Fees

"[T]he Court has the legal authority to award such fees where 'the party refusing arbitration acted without justification or did not have a reasonable chance to prevail.'" *Sands Bros. & Co. v. Nasser*, No. 03 CIV. 8128 (BSJ), 2004 WL 26550, at *3 (S.D.N.Y. Jan. 5, 2004) (citations

omitted). The arbitration agreement need not include a fee shifting provision for the Court to award costs and fees. *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, No. 10 CIV. 1853 PGG, 2011 WL 1002439, at *3 (S.D.N.Y. Mar. 16, 2011), *aff'd,* 483 F. App'x 634 (2d Cir. 2012) *citing id.* and collecting cases.

C1's refusal to arbitrate is without any basis. JAMS provided C1 with multiple opportunities to and C1 simply ignored JAMS forcing Parekh to file this proceeding. Costs and fees, including reasonable attorney's fees, are warranted – especially given the Civil Rights context of this matter.

## CONCLUSION

In light of C1's clear refusal to participate in the arbitration process in any meaningful, and in light of both the clear terms of the Offer Letter and C1's statement that "it expects Mr. Parekh to honor his agreement" this Court should compel C1 to attend arbitration on this employment dispute.

Dated: New York, New York
June 11, 2021

**DUNNINGTON BARTHOLOW & MILLER LLP**
*Attorneys for Petitioner Noah Parekh*

By: /s/Samuel A. Blaustein
Samuel A. Blaustein

Samuel A. Blaustein
Kamanta C. Kettle
Christopher M. W. Pioch
230 Park Avenue, 21st Floor
New York, New York 10169
Tel: (212) 682-8811
SBlaustein@dunnington.com
KKettle@dunnington.com
CPioch@dunnington.com